UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

KENNETH CHARLTON,

                       Defendant.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/15/19

18 Cr. 30 (PAC)

**<u>OPINION & ORDER</u>**

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Kenneth Charlton moves to sever his criminal trial from the trial of his co-defendant Paul Van Manen pursuant to Fed. R. Crim. Pro. 14(a). (Dkt. 179). For the reasons that follow, Defendant's motion is DENIED.

## **BACKGROUND**

Charlton and Van Manen are two of twelve defendants charged with alleged participation in a drug trafficking organization (the "DTO") responsible for the distribution of heroin laced with fentanyl in Staten Island, Brooklyn, and other locations from at least 2013 through January 2018.[1] Van Manen allegedly sold approximately fifteen to twenty bundles of heroin he received from the DTO's leaders several times a week, while Charlton recruited customers for the DTO at a methadone clinic where he was receiving treatment. (Def. Mem., Dkt. 179, at 1). According to the Government, Charlton also made direct sales to customers. (Gov. Opp., Dkt. 185, at 6).

Both Charlton and Van Manen are charged under the same Superseding Indictment with

---

[1] All of Charlton and Van Manen's co-defendants have pled guilty. *See Van* 18-cr-30. Trial is scheduled for April 29, 2019.

conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(b)(1)(A), and a quantity of fentanyl, in violation of 21 U.S.C. § 841(b)(1)(C). (Superseding Indictment (S4), Dkt. 108). Van Manen alone is also accused under S4 of having distributed heroin laced with fentanyl, the use of which resulted in the death or serious bodily injury of two individuals, Shaun Sullivan and Michael Ogno. (*Id.*)

I.  **Legal Standard**

Rule 14(a) of the Federal Rules of Criminal Procedure permits severance of properly joined charges or defendants, at the discretion of the trial court, to avoid prejudice to a defendant or the Government. Nonetheless, there is a strong and well-settled presumption that defendants who are indicted together will be tried together. *See, e.g., Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Blount*, 291 F.3d 201, 209 (2d Cir. 2002); *United States v. Diaz*, 176 F.3d 52, 102 (2d Cir. 1999). "This preference is particularly strong where . . . the defendants are alleged to have participated in a common plan or scheme." *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998); *see also United States v. Cardascia*, 951 F.2d 474, 482 (2d Cir. 1991). As the Supreme Court has explained:

> Many joint trials—for example, those involving large conspiracies to import and distribute illegal drugs—involve a dozen or more co-defendants. . . . It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. . . . Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

*Richardson v. Marsh*, 481 U.S. 200, 210 (1987).

This presumption makes the "prejudice" standard difficult to satisfy. If a particular defendant claims prejudice by joinder, that prejudice must be "sufficiently severe [as] to outweigh

2

the judicial economy that would be realized by avoiding lengthy multiple trials." *United States v. Lanza*, 790 F.2d 1015, 1019 (2d Cir. 1986) (quoting *United States v. Panza*, 750 F.2d 1141, 1149 (2d Cir. 1984)). A defendant's case for severance is even weaker where the joint indictment charges conspiracy. Once a defendant is a member of a conspiracy, "all the evidence admitted to prove that conspiracy, even evidence relating to acts committed by co-defendants, is admissible against the defendant." *Salameh*, 152 F.3d at 115.

District courts have wide discretion in deciding whether to sever trials, and a defendant seeking review of denial of severance under Rule 14 bears an "extremely difficult burden," *United States v. Casamento*, 887 F.2d 1141, 1149-50 (2d Cir. 1989) (quotation omitted). The Second Circuit has stated it will not reverse a trial judge's denial of severance absent evidence of prejudice so severe it amounted to a "miscarriage of justice." *United States v. Feyrer*, 333 F.3d 110, 115 (2d Cir. 2003).

## II.     Analysis

Charlton argues severance is necessary here because the charges against Van Manen are "the most serious in this case, and contrast significantly with the allegations against [him]." (Def. Mem. at 1). Charlton believes a significant amount of the trial will be dedicated to "whether the fentanyl was the but for cause of Mr. Sullivan's injuries and Mr. Ogno's death," which will cause prejudice because, according to him, he is neither charged with distributing heroin laced with fentanyl nor associated with the overdose deaths of Ogno and Sullivan. (*Id.* at 1-2).

Contrary to Charlton's assertions, this is precisely the type of criminal case where a joint trial is encouraged and appropriate. Van Manen and Charlton are charged under the same single count indictment with participating in the same drug conspiracy. Were the Court to try these cases separately, there would likely be significant overlap in the evidence presented, as facts such as

3

how the conspiracy operated, where the heroin came from, how it was sold, and how customers were identified, are relevant and necessary to proving the charge against both defendants. Presenting this same evidence twice, to two different juries, would burden trial witnesses, lead to unnecessary duplication and inefficiencies, and risk the inequity of inconsistent verdicts. The presumption against severance, then, is particularly justified in this case.

Charlton's claims to prejudice do not come near to overcoming this presumption. His argument relating to the prejudicial effect of the fentanyl evidence fails because he is, in fact, charged with distributing heroin laced with fentanyl. (*See* S4 at 2-3). This evidence will be presented at his trial regardless. As for the overdose deaths, although Charlton is not charged with the statutory sentencing enhancement that applies to Van Manen if convicted of participating in a conspiracy that caused overdose deaths, both overdoses resulted from drugs distributed by the conspiracy in which Charlton also is charged with participating. The Government therefore could introduce evidence concerning each overdose as direct evidence against Charlton even if he were separately tried. *See Salameh*, 152 F.3d at 111 (2d Cir. 1998).

Moreover, "[t]he fact that one of several codefendants is tried for a crime not committed by another codefendant does not, without more, create the sort of miscarriage of justice that would require [severance]." *United States v. Hernandez*, 85 F.3d 1023, 1029 (2d Cir. 1996); *United States v. Rittweger*, 524 F.3d 171, 179 (2d Cir. 2008). And even assuming the Government would not introduce this evidence against Charlton at a severed trial, a defendant is "not entitled to severance [under Rule 14] merely because [he] may have a better chance of acquittal in [a] separate trial[]." *Zafiro*, 506 U.S. at 540. Nor is he entitled to severance because the evidence against his co-defendants is more damaging or voluminous than the evidence against him. *See, e.g., United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003)*. Indeed, even "joint trials involving defendants who

4

are only marginally involved alongside those heavily involved are constitutionally permissible." *United States v. Locascio*, 6 F.3d 924, 947 (2d Cir. 1993).

In sum, Charlton's arguments for severance fail on both the facts and the law. He has not established prejudice sufficient to overcome the presumption in favor of joint trials, and his trial will not be severed.

## CONCLUSION

For the reasons stated above, Charlton's motion to sever is DENIED. A joint trial will proceed against both Charlton and Van Manen on April 29, 2019. The Clerk of the Court is directed to close the motion at Dkt. 179.

Dated: New York, New York
April 15, 2019

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge